UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEOBARDO CHAVEZ BARRIENTOS,<br><br>Petitioner,<br><br>v.<br><br>U.S. ATTORNEY GENERAL, et al.,<br><br>Respondents. | No. 1:25-cv-00258-SKO (HC)<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE**<br><br>**FINDINGS AND RECOMMENDATION TO GRANT MOTION TO DISMISS PETITION (Doc. 6)**<br><br>**(21-DAY DEADLINE)** |

Petitioner, currently in the custody of the Bureau of Immigration and Customs Enforcement ("ICE") and proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is challenging his continued detention.

**FACTUAL SUMMARY**

Petitioner is a native and citizen of Mexico. (Doc. 6-1 at 3.) Petitioner is currently being detained at the Mesa Verde Detention Center in Kern County, California. (Doc. 1 at 3.) He has been encountered and removed by the Department of Homeland Security ("DHS") numerous times. He first entered the United States without admission, inspection or parole on or about June 25, 1981. (Doc. 6-1 at 3.) On May 4, 1988, he was granted legal resident status. (Doc. 6-1 at 3.) He then committed many crimes in the United States leading up to his removable offense for being a felon in possession of a firearm. (Doc. 6-1 at 3.)

On December 18, 1997, Petitioner was convicted of being a felon in possession of a firearm. (Doc. 6-1 at 3.) On January 8, 1998, Petitioner was placed in removal proceedings due to this conviction. (Doc. 6-1 at 3.) On April 10, 1998, an immigration judge ordered Petitioner removed to Mexico, whereupon DHS removed Petitioner. (Doc. 6-1 at 4.) DHS apprehended, detained and removed Petitioner several times after Petitioner again entered the United States without admission, inspection or parole – on September 3, 2001, March 28, 2003, and November 1, 2006. (Doc. 6-1 at 4.)

On April 9, 2015, Petitioner presented himself at a port of entry seeking admission to the United States (Doc. 6-1 at 4), and was promptly removed. Again, on April 12, 2015, DHS apprehended, detained and began administratively processing Petitioner for reinstated removal after Petitioner entered the United States without inspection. (Doc. 6-1 at 4.) During those administrative proceedings, Petitioner claimed to be a dual citizen of the United States and Mexico. (Doc. 6-1 at 4.) Petitioner was taken into custody on illegal re-entry charges. (Doc. 6-1 at 4.) On September 3, 2015, the U.S. District Court for the Southern District of California dismissed the charges on motion of the prosecutor, and Petitioner was released to DHS custody. (Doc. 6-1 at 4.) On September 4, 2015, DHS released Petitioner from its custody to allow him to pursue a possible claim of citizenship. (Doc. 6-1 at 4.)

On August 17, 2018, Petitioner filed with U.S. Citizenship and Immigration Services ("USCIS") a Form N-600, Application for Certificate of Citizenship, claiming he acquired U.S. citizenship through his naturalized parents. (Doc. 6-1 at 4.) While the application was pending, on March 27, 2020, Petitioner was arrested and taken into federal custody on drug trafficking charges. (Doc. 6-1 at 4.) On March 30, 2020, USCIS denied Petitioner's Form N-600 determining Petitioner was not eligible for U.S. citizenship. (Doc. 6-1 at 4.) Petitioner did not appeal the decision.

On October 25, 2021, Petitioner was convicted in the U.S. District Court for the District of Oregon for drug trafficking offenses. (Doc. 6-1 at 5.) He was sentenced to a term of 60 months imprisonment. (Doc. 6-1 at 5.) While in federal prison, on March 2, 2023, Petitioner sought review of the USCIS denial of his Form N-600 in the U.S. District Court for the Central District

1  of California. (Doc. 6-1 at 5.) On March 6, 2024, the district court dismissed the claim finding it
2  lacked subject matter jurisdiction. (Doc. 6-1 at 5.) On March 7, 2024, he filed petitions for review
3  before the Ninth Circuit Court of Appeals and the U.S. District Court for the Central District of
4  California. (Doc. 6-1 at 5.) On May 2, 2024, the Ninth Circuit transferred the case to the Central
5  District. (Doc. 6-1 at 5.) On June 28, 2024, the Central District transferred the case back to the
6  Ninth Circuit noting that the Ninth Circuit "must conduct an initial preliminary review of the
7  claim that Petitioner is actually a U.S. citizen and either decide the nationality claim if there is no
8  genuine issue of material fact or transfer it to this court to render a decision on the disputed claim
9  of U.S. citizenship." (Doc. 6-1 at 5.)

10       On August 9, 2024, Petitioner was released from federal prison and taken into DHS
11  custody. (Doc. 6-1 at 5.) DHS reinstated the removal order but could not effectuate removal due
12  to the automatic temporary stay of removal issued by the Ninth Circuit upon filing of the petition
13  for review. (Doc. 6-1 at 5.)

14       While detained in DHS custody, on March 31, 2025, a bond hearing was held before an
15  immigration judge. (Doc. 6-1 at 5.) The immigration judge determined by clear and convincing
16  evidence that Petitioner poses a danger to the community and a significant flight risk. (Doc. 6-1 at
17  5.) On April 7, 2025, Petitioner appealed the immigration judge's decision with the Board of
18  Immigration Appeals ("BIA"). (Doc. 6-1 at 6.)

19       Petitioner is currently detained pursuant to 8 U.S.C. § 1231(a)(6) as he has a final order of
20  removal that is part the 90-day removal period, but remains a flight risk and danger to the
21  community.

22       Petitioner filed the instant petition on February 28, 2025. (Doc. 1.) On May 5, 2025,
23  Respondent filed a motion to dismiss. (Doc. 6.) On May 22, 2025, Petitioner filed an opposition
24  to the motion. (Doc. 8.)

25                                  **DISCUSSION**

26       A federal court may only grant a petition for writ of habeas corpus if the petitioner can
27  show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2241(c)(3). A
28  habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration"

of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir.1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. However, the petition must "allege facts concerning the applicant's commitment or detention," 28 U.S.C. § 2242, and the petitioner must make specific factual allegations that would entitle him to habeas corpus relief if they are true. O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.1990); United States v. Poopola, 881 F.2d 811, 812 (9th Cir.1989).

Initially, the Court notes that Petitioner's claim that he is being detained without an immigration judge conducting a hearing to determine whether his continued detention is warranted is now moot, since Petitioner was provided a bond hearing before an immigration judge on March 31, 2025. As previously noted, the immigration judge denied release on bond after concluding Petitioner posed a danger to the community and a significant flight risk. Ultimately, Petitioner has been granted the relief he sought, to wit, "a hearing before an immigration judge where: (1) to continue detention, the government must establish by clear and convincing evidence that petitioner presents a risk of flight or danger." (Doc. 1 at 18.)

Petitioner nonetheless claims he is being indefinitely detained by ICE in violation of his Constitutional rights. In Zadvydas v. Davis, 533 U.S. 678 (2001), the Supreme Court held that the Immigration and Nationality Act's (INA) post-removal-period detention statute does not permit indefinite detention but "implicitly limits an alien's detention to a period reasonably necessary to bring about that alien's removal from the United States." Id at 689. When faced with such a determination, the Court must consider "the basic purpose of the statute, namely assuring the alien's presence at the moment of removal." Id. at 699. The Court must also take appropriate account of the Executive Branch's "greater immigration related expertise," the Bureau's "administrative needs and concerns," and the "Nation's need to speak with one voice on immigration." Id. at 700. The Supreme Court attempted to limit those occasions when the federal court would need to make such "difficult judgments" by setting a "presumptively reasonable period of detention" of six months. Id. at 701. The burden is on the alien to show that there is no reasonable likelihood of repatriation. Id. After six months and once an alien makes a showing

1    that there is no "significant likelihood of removal in the reasonably foreseeable future, the
2    Government must respond with evidence sufficient to rebut that showing." Id.
3        Here, Petitioner has been detained for approximately eleven months following his final
4    order of removal and beyond the six-month presumptively reasonable period. He has not shown,
5    however, that there is no significant likelihood of removal in the reasonably foreseeable future.
6    Petitioner has been ordered removed to Mexico, and the United States and Mexico do not have a
7    constrained relations such that removals prove difficult or impossible. Petitioner has already been
8    successfully removed to Mexico on numerous occasions already, and detention is not indefinite in
9    nature. Petitioner's removal would have been accomplished long ago but for the automatic stay
10   issued when he appealed the denial of his dual citizenship claim to the Ninth Circuit. That appeal
11   has been before the Ninth Circuit since March 7, 2024. There is no indication that the appeal will
12   not be decided in the near term, and once the appeal is decided, no obstacles will be in the path of
13   removing Petitioner to Mexico. Petitioner thus fails to show there is no "significant likelihood of
14   removal in the reasonably foreseeable future." Zadvydas, 533 U.S. at 701.
15       Against this background, Petitioner has been provided a bond hearing before an
16   immigration judge where it was determined Petitioner's release on bond would pose a significant
17   danger to the public as well as a flight risk. The Court finds that Petitioner's current detention
18   continues to serve congressionally mandated goals of protecting the public from danger and
19   assuring Petitioner's presence for removal. Given the due process Petitioner has been provided
20   and the government's interests in protecting the public and assuring removal, the Court does not
21   find that Petitioner's ongoing detention violates due process. Respondent's motion should be
22   granted and the petition be dismissed.

23   **ORDER**
24       The Court DIRECTS the Clerk of Court to assign a District Judge to this case.
25   **RECOMMENDATION**
26       For the foregoing reasons, the Court HEREBY RECOMMENDS that Respondent's
27   motion to dismiss be GRANTED and the petition be DISMISSED.
28       This Findings and Recommendation is submitted to the United States District Court Judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. Id. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:   **August 4, 2025**                        /s/ *Sheila K. Oberto*
                                                   UNITED STATES MAGISTRATE JUDGE