1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEOBARDO CHAVEZ BARRIENTOS,<br><br>Petitioner,<br><br>v.<br><br>U.S. ATTORNEY GENERAL, et al.,<br><br>Respondents. | No. 1:25-cv-00258 JLT SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br>(Doc. 10)<br><br>ORDER GRANTING MOTION TO DISMISS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |

Leobardo Chavez Barrientos is currently detained by the Bureau of Immigration and Customs Enforcement and proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 4, 2025, the assigned Magistrate Judge issued Findings and Recommendations to grant Respondent's motion to dismiss and to dismiss the petition. (Doc. 10). The Court served the Findings and Recommendations on all parties and notified them that any objections were due within 21 days. (Id.). On August 25, 2025, Petitioner filed objections. (Doc. 11).

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis.

1

As noted by the Magistrate Judge, Petitioner's claim that he is being detained without an immigration judge conducting a hearing to determine whether his continued detention is warranted is now moot. On March 31, 2025, Petitioner was provided a bond hearing before an immigration judge. The immigration judge denied release on bond, concluding Petitioner posed a danger to the public and a flight risk.

Petitioner's claim that he is being held indefinitely in violation of his due process rights also fails. The detention period has been prolonged, but this is due to an automatic stay issued pursuant to an appeal of his dual citizenship claim to the Ninth Circuit. The appeal has been pending since March 7, 2024. Once the Ninth Circuit issues its decision and mandate, Petitioner will either be released from custody or removed to Mexico in expedited proceedings pursuant to INA § 235(b). He thus fails to show there is no "significant likelihood of removal in the reasonably foreseeable future." *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001); *see also Prieto-Romero v. Clark,* 534 F.3d 1053, 1062 (9th Cir. 2008) (applying *Zadvydas* to "detention of aliens" under 8 U.S.C. § 1226(a) and "detention and removal of aliens ordered removed" under 8 U.S.C. § 1231(a)).

In the event a notice of appeal is filed, a certificate of appealability will not be required because this is not a final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. *Forde v. U.S. Parole Commission*, 114 F.3d 878 (9th Cir. 1997). Based upon the foregoing, the Court **ORDERS**:

    1.    The Findings and Recommendations issued on August 4, 2025, (Doc. 10), are **ADOPTED** in full.

    2.    Respondent's motion to dismiss (Doc. 6), is **GRANTED**.

    3.    The petition for writ of habeas corpus is **DISMISSED** with prejudice.

    4.    The Clerk of Court is directed to enter judgment and close the case.

IT IS SO ORDERED.

   Dated:  **November 4, 2025**

UNITED STATES DISTRICT JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28